OPINION
Appellant Ricky Offenburger appeals a judgment of the Licking County Municipal Court revoking his probation on a DUI conviction:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FINDING APPELLANT GUILTY OF DWI, AND SENTENCING HIM ACCORDINGLY.
 II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY REVOKING APPELLANT'S PROBATION ON 10/08/97.
 III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN REVOKING APPELLANT'S PROBATION ON 11/03/97.
On June 3, 1997, appellant was convicted of DUI upon a guilty plea. As terms of probation, appellant was not to consume alcohol, he had no driving privileges for one year (unless with an ignition interlock), and he could not refuse any alcohol testing.
On July 30, 1997, appellant was charged with Driving Under Suspension. On July 31, 1997, the City of Newark filed a motion to impose the previously suspended DUI sentence, alleging a violation of appellant's terms of probation: specifically, Driving Under a Suspended License.
On October 1, 1997, a suppression hearing was held on the Driving Under Suspension case. Deputy Caldwell testified that he saw appellant drive to a carry-out, get out of his car, go inside, purchase a twelve-pack of beer, re-enter his vehicle, and drive away. A contested probation violation hearing was conducted on October 8, 1997. The court found that appellant had violated his terms of probation by driving while his license was under suspension, based on the testimony of Deputy Caldwell at the suppression hearing on the Driving Under Suspension case.
At the probation revocation hearing, numerous court personnel detected a strong odor of alcohol upon appellant. Appellant was taken to a holding cell, where he was asked to submit to a BAC test for the presence of alcohol. Appellant refused to comply with the testing. As a result of the odor of alcohol, and his refusal to take a breath test, the State filed another motion to revoke appellant's probation. On November 3, 1997, the court found appellant in violation of probation by consuming alcohol and refusing to submit to a test to determine the presence of alcohol.
Appellant appealed both judgments of the court finding him in violation of the terms of his probation. The cases have been consolidated for purposes of appeal.
As a preliminary matter, appellant has moved to strike the statement of evidence prepared and filed by the court in the instant case. Appellant alleges that the statement of the evidence does not state the proceedings, but rather states the rationale for the court's decision to revoke probation. Appellant further argues that the court was ordered to settle the record by December 20, 1997, yet, the statement of the proceedings was not filed until December 23, 1997.
We overrule the motion to strike the statement of proceedings. December 20, 1997, the date set forth by this court as the deadline for filing the statement of the evidence, was a Saturday. Further, our judgment stated that appellant shall be granted leave to supplement the record with said approved statement of the proceedings on or before December 23, 1997. The statement of the proceedings was filed on December 23, 1997, and was, therefore, timely. Further, the statement signed and approved by the trial Judge is not a justification of his decision. Rather, the statement recites the facts before the court at the revocation hearings.
 I.
Appellant argues that the court erred in convicting him of DUI on the underlying offense. Appellant did not timely appeal the judgment of conviction and sentence on the DUI case, as required by App.R. 4(A). The instant appeal arises solely from the judgments revoking appellant's probation. Appellant cannot now raise issues relating to the underlying conviction.
The first Assignment of Error is overruled.
 II.
Appellant argues that the court erred in revoking his probation after the first revocation hearing. Appellant argues that the court did not take any evidence at this hearing. Appellant further argues that the court erred in revoking his probation based on a charge of Driving Under Suspension, as he had not been convicted.
Crim.R. 32.3(A) provides that the court shall not revoke probation except after a hearing in which the defendant shall be present and apprised of the grounds on which such action is proposed. According to the statement of evidence, the court relied on Deputy Caldwell's testimony at the suppression hearing in the Driving Under Suspension case to revoke appellant's probation. Appellant was present and represented by counsel at this suppression hearing. At the probation revocation hearing, appellant was asked if he had any evidence or testimony to controvert the report of Deputy Caldwell that was filed in the case, or to contradict any of Deputy Caldwell's testimony offered at the suppression hearing. Appellant did not present any evidence.
Appellant was given an opportunity to present evidence to challenge the grounds stated for the revocation of probation. The revocation hearing took place only a few days after the suppression hearing. Appellant was present at the suppression hearing, and represented by counsel. The probation revocation hearing in the instant case complied with the requirement of Crim.R. 32.3(A). Appellant was apprised of the nature of the alleged violation, and given an opportunity to present evidence to controvert the evidence of the violation. The court was not required to recall Deputy Caldwell to testify a second time to the matters contained in his report and testified to in the suppression hearing.
Appellant's claim that his probation could not be revoked until after he was convicted of Driving Under Suspension was without merit. The terms of his probation provided that he could not drive for one year following his DUI conviction. The court was presented with evidence that appellant had, in fact, driven during that time.
The second Assignment of Error is overruled.
 III.
Appellant argues that the court erred in revoking his probation a second time, on November 3, 1997, for refusing a breath test. Appellant argues that the trial court lacked jurisdiction to revoke his probation, as his probation had already been revoked. He argues that the alleged test refusal on October 8, 1997 merged into the October 16, 1997 stay pending appeal, barring a further revocation.
Although appellant's probation had been revoked for driving while his license was suspended, the court did not lack jurisdiction to revoke his probation for refusing to submit to a breath test following the first revocation hearing. The grounds for revocation did not arise until after the previous revocation hearing. The October 8, 1997 revocation was stayed pending appeal. Therefore, the court could consider the State's motion to revoke the probation on an additional basis, and grant such motion.
The third Assignment of Error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed. Costs to appellant.